IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:22-CR- 24 |
| STANLEY CHARLES EVANS | § § | Judge Jordan |

**INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

**Count One**

FILED
FEB 3 – 2022
Clerk, U.S. District Court
Texas Eastern

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to Distribute and Dispense and Distributing and Dispensing of Controlled Substances)

From in or about February 2017 until approximately December 2021, in the Eastern District of Texas and elsewhere, the defendant, **Stanley Charles Evans,** did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the United States Attorney to possess with intent to distribute and dispense and distribute and dispense controlled substances, in violation of 21 U.S.C. § 841, as described below:

**Stanley Charles Evans** and others known and unknown to the United States Attorney, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote and filled prescriptions for Schedule II controlled substances, namely, hydrocodone.

All in violation of 21 U.S.C. §§ 846 & 841.

## Count Two

Violation: 18 U.S.C. §§ 1347 & 2<br>
(Health Care Fraud; Aiding and Abetting)

From in or around March 2015, and continuing through in or around December 2020, the exact dates being unknown to the United States Attorney, in the Eastern District of Texas, and elsewhere, the defendant, **Stanley Charles Evans** in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is, Medicare and TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the control of Medicare and TRICARE, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme

1.  It was part of the scheme and artifice to defraud that **Stanley Charles Evans** submitted and/or caused to be submitted false and fraudulent claims to Medicare and TRICARE for reimbursement under his NPI for services he purportedly provided to beneficiaries at his office and elsewhere on dates when he was, in fact, traveling out of the state or country.

2. Based on these false and fraudulent claims, Medicare and TRICARE paid **Stanley Evans** for services that he did not, in fact, personally render.

### Acts in Execution of the Scheme and Artifice – Billing for Services Not Rendered

3. On or about the date specified below, in the Eastern District of Texas, and elsewhere, **Stanley Charles Evans** submitted and caused the submission of a claim to Medicare for approximately the identified dollar amount, and represented that, on or about the identified date of service, the identified patients were treated by himself, when in fact, **Stanley Charles Evans** was traveling to the indicated location for the specified time period, and such patient was treated by a mid-level practitioner.

| Count | Beneficiary Initials | Alleged Date of Service | Trip Dates | Trip Information | Service Billed | Billed Amount | Health Care Benefit Program |
|---|---|---|---|---|---|---|---|
| 2 | J.M. | 8/10/2020 | 8/9/2020 - 8/16/2020 | Seattle, Washington | Office Visit, Labs, Ultrasound | $1,232 | Medicare |

All in violation of Title 18, United States Code, Section 1347.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(7)

As a result of committing the offenses charged in this Information, the defendant shall forfeit to the United States any property he may have used or intended to use to commit or facilitate the offenses and/or property derived from proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. §§ 846, 841. The defendant shall also forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses pursuant to 18 U.S.C. § 982(a)(7).

The property includes, but is not limited to the following:

**ASSETS**

A Black 2016 Jaguar Convertible, F-Type, VIN# SAJWJ6HL7GMK33354, Texas license plate GXY9864, registered to Stanley Charles Evans

A Men's Rolex Presidential Day-Date watch, model #218239 bearing serial # G116112

A Men's Rolex Submariner "Smurf" watch, model #116619 bearing serial #V537955

**U.S. CURRENCY**

$240,070.46 in United States currency seized from Ciera Bank account x4943

$132,182.74 in United States currency seized from Ciera Bank account x 2510

$7,237.04 in United States currency seized from Chase Bank account x3701

$117,431.27 in United States currency seized from Chase Bank account x2529

$78,094.66 in United States currency seized from Chase Bank account x8830

$15,270.60 in United States currency seized from Ciera Bank account x4943

## MEDICAL LICENSE

The government provides notice of its intention to seek forfeiture of the following specific item of property, including but not limited to: **Stanley Charles Evans'** medical license.

## DEA REGISTRATION NUMBERS

The government provides notice of its intention to seek forfeiture of the following specific item of property, including but not limited to: **Stanley Charles Evans'** DEA registration numbers.

## SUBSTITUTE ASSETS

Moreover, if, as a result of any act or omission of the defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property, including but not limited to all property, both real and personal owned by the defendant.  As a result of the commission of the offenses alleged in this Information, any and all interest that the defendant has in any such property is vested in and forfeited to the United States.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

Respectfully Submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____       DATED: 2/2/2022
Matthew T. Johnson
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | No. 4:22-CR-<br>Judge |
| STANLEY CHARLES EVANS | § | |

## NOTICE OF PENALTY

### Count One

Violation:     21 U.S.C. §§ 846, 841

Penalty:       Not more than 20 years, a fine not to exceed $1 million, or both; supervised release of at least 3 years;

Special Assessment: $ 100.00

### Count Two

Violation:     18 U.S.C. §§ 1347 and 2

Penalty:       Not more than ten (10) years imprisonment; a fine not to exceed $250,000 (or not more than twice the gross gain), or both; supervised release of not more than three (3) years.

Special Assessment: $ 100.00